**Law Offices of**
**Marina Dzhamilova, PLLC**
By: Marina Dzhamilova, Esq.
6628 212th St. SW, Ste. 206
Lynnwood, WA 98036
Phone: 425-563-6700
mdzhamilova@hotmail.com

*Attorney for Tatyana Bessarab*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Tatyana Bessarab,<br><br>   Plaintiff,<br><br>vs.<br><br>Account Discovery Systems, LLC<br><br>   Defendant | No.: _<br><br>**COMPLAINT** |

Plaintiff Tatyana Bessarab ("Plaintiff"), by and through her attorneys, the Law Offices of Marina Dzhamilova, PLLC, as and for her Complaint against Account Discovery Systems, LLC ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Washington, County of Snohomish, residing at 10232 Meridian Avenue, Everett, WA, 98208.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address of service at 711 Capitol Way S Ste 204, Olympia, WA, 98501.

6. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a õdebtö as that term is defined by 15 U.S.C. § 1692a(5).

10. Specifically the alleged debt was a Nordstrom debt and is defined as a personal obligation under the FDCPA.

11. The Defendant sent Plaintiff a collection letter, that when directed to the company website, included collection costs for credit card payments.

12. Plaintiff accessed the website to make a payment on July 21, 2016. Upon reaching the website Plaintiff was met a credit card charge of 4.0% up to $25.

13. Plaintiff did not agree to such a collection charge and the collection fee far exceeds any reasonable costs of collection for this account.

14. The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA.

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

18. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)  For declaratory relief stating that Defendant violated the FDCPA; and

e)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 3, 2017

*/s/Marina Dzhamilova*
**Law Offices of**
**Marina Dzhamilova, PLLC**
By: Marina Dzhamilova, Esq.
6628 212th St. SW, Ste. 206
Lynnwood, WA 98036
Phone: 425-563-6700
mdzhamilova@hotmail.com